UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WENG, | 1:09-CV-1604 GSA HC |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |
| v. | |
| | FINDINGS AND RECOMMENDATION |
| UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, et al., | |
| Respondents. | |

      Petitioner is a detainee of the United States Bureau of Immigration and Customs Enforcement proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      On September 10, 2009, Petitioner filed the instant petition for writ of habeas corpus. On September 14, 2009, new case documents were issued and mailed to Petitioner. In addition, Petitioner was ordered to return the consent/decline form indicating whether he would consent or decline to Magistrate Judge jurisdiction. On September 25, 2009, mail was returned to the Court as undeliverable with notation that Petitioner was no longer in custody.

      Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the

1  court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent
2  part:

>     If mail directed to a Petitioner in propria persona by the Clerk is
>     returned by the U.S. Postal Service, and if such Petitioner fails to
>     notify the Court and opposing parties within sixty (60) days thereafter
>     of a current address, the Court may dismiss the action without
>     prejudice for failure to prosecute.

6  In the instant case, sixty days have passed since Petitioner's mail was returned and he has not
7  notified the court of a current address.

8  In determining whether to dismiss an action for lack of prosecution, the court must consider
9  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
10  manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring
11  disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Henderson v.
12  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The
13  court finds that the public's interest in expeditiously resolving this litigation and the court's interest
14  in managing the docket weigh in favor of dismissal as this case has been pending since
15  September 10, 2009.  The court cannot hold this case in abeyance indefinitely based on Petitioner's
16  failure to notify the court of his address.  The third factor, risk of prejudice to respondents, also
17  weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
18  unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
19  1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly
20  outweighed by the factors in favor of dismissal discussed herein.  Finally, given the court's inability
21  to communicate with Petitioner based on Petitioner's failure to keep the court apprised of his current
22  address, no lesser sanction is feasible.

23  **ORDER**

24  IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to randomly assign a
25  district judge to this case.

26  **RECOMMENDATION**

27  The Court HEREBY RECOMMENDS that this action be dismissed for Petitioner's failure to
28  prosecute.

1    This Findings and Recommendation is submitted to the assigned District Judge pursuant to
2 the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the
3 United States District Court, Eastern District of California.  Within ten (10) court days (plus three
4 days if served by mail) after being served with a copy, any party may file written objections with the
5 court and serve a copy on all parties.  Such a document should be captioned "Objections to
6 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
7 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
8 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
9 parties are advised that failure to file objections within the specified time may waive the right to
10 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

         IT IS SO ORDERED.

         Dated:   January 20, 2010                        /s/ Gary S. Austin
                                                   UNITED STATES MAGISTRATE JUDGE